IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON CLARK,<br><br>                Petitioner,<br><br>    v.<br><br>PAUL M. SCHULTZ,<br><br>                Respondent. | CV F 04-6509 AWI WMW HC<br><br>FINDINGS AND<br>RECOMMENDATIONS RE<br>MOTION TO DISMISS<br>PETITION FOR WRIT OF<br>HABEAS CORPUS<br><br>[Doc. 14] |

      Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss for lack of subject matter jurisdiction filed April 17, 2006. Petitioner has not opposed the motion.

      Petitioner asks the court to remedy the following alleged instances of mistreatment:

1.     indefinite detention in the Special Housing Unit;

2.     faulty disciplinary sanctions imposed on Petitioner between September 2003 and July

        2004;

3.    failure to provide medical care for Petitioner after he was assaulted by correctional officers; and

4.    failure to place him in a halfway house before his release.

The petition also asks the court to:

1.    declare various Bureau of Prisons programs unconstitutional;

2.    order the warden and others to cease their "gladitorial programs amonst [sic] the prisoners and using the petitioner and other inmates for financial gain and political gaines [sic];" and

3.    order the expunction of all his incident reports.

Respondent now brings a motion to dismiss on the grounds that Petitioner's claims are not properly brought within a Section 2241 petition for writ of habeas corpus and that the petition is now moot because Petitioner was released from custody on July 1, 2005.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

A petition for writ of habeas corpus is rendered moot when the petitioner is released from custody, unless the petitioner is able to demonstrate that some collateral, ongoing consequence would result without habeas relief. See Spencer v. Kemma, 523 U.S. 1, 14 (1998). Here, no such collateral consequence is demonstrated. As Respondent argues, the disciplinary actions Petitioner describes do not fall within the mootness exception for drug use or any other recognized exception. See Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)(holding that if a petitioner challenges the validity of his underlying conviction, the collateral consequences of that conviction may be sufficient to overcome mootness despite his subsequent release from prison, and discussing various collateral consequences). Accordingly, the court finds that this petition has been rendered moot. In light of this conclusion, the court finds it unnecessary to address Respondent's other contention.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED and that this petition be dismissed as moot.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

1
2
3         IT IS SO ORDERED.
4     **Dated:    August 4, 2006**                    **/s/  William M. Wunderlich**
      mmkd34                                          UNITED STATES MAGISTRATE JUDGE
5
6
7
...
28                                        4